# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**BARBARA N.,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-328**   (Fam. Ct. Cabell Cnty. Case No. FC-06-2022-D-342)

**HANNAH G. and ERIC S.,**
**Respondents Below, Respondent**

**FILED**
**February 28, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Barbara N.[1] appeals the Family Court of Cabell County's July 29, 2024, order granting Respondent Eric S. $4,750 in attorney's fees and granting Eric S.'s request for a no-contact order in connection with a grandparent visitation matter. Neither Eric S. nor Hannah G. participated in this appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error.[3] For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Maternal grandmother Barbara N. ("Grandmother"), a Florida resident, filed a petition for grandparent visitation on July 15, 2022. The grandchild is J.E. ("Child"), born in 2013. Child's father is Eric S. ("Father"), and her mother is Hannah G. ("Mother"). The parents were never married but both were consistently active in Child's life. Mother was designated the primary residential parent by court order in May 2018. Grandmother visited Child regularly both before and after filing the petition for grandparent visitation.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Barbara N. is self-represented.

[3] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, where the respondent failed to participate on appeal to support the order.

1

Sometime later, Mother married Shawn G., with whom she shares young children. Shawn G. became abusive, and in May 2022, the family court entered an order designating Father as the primary residential parent of Child. Mother was granted supervised parenting time twice weekly through a third-party professional agency, as well as FaceTime calls. Grandmother and Child's siblings were permitted to participate in the supervised visitation.

Grandmother and Mother became estranged sometime in late 2022, which led Grandmother to file for grandparent visitation. Hearings were held on Grandmother's petition on July 18, 2023, and July 19, 2023. Both parents objected to Grandmother having any visitation with Child. Because Grandmother already had the right to visit with Child during supervised visits, Father viewed her petition as an unnecessary filing and requested attorney's fees. A final order denying Grandmother's petition was entered on September 21, 2023. The order also granted Father $4,000 in attorney's fees.

Grandmother paid $5 per month to Father's attorney between November 2023 and July 2024, for a total of $40. Shortly thereafter, Father's attorney filed a petition for contempt against Grandmother for her failure to pay attorney's fees. At the contempt hearing on July 16, 2024, Grandmother testified that she had paid Father's attorney $5 per month, her income had not changed, she had paid $15,000 in her own attorney's fees, she had paid Mother's visitation expenses, and that she spent $2,000 each for several trips to West Virginia to attend hearings on her petition. Grandmother also testified that she had a car payment for a new vehicle, recently vacationed at a beach resort, and received an inheritance but spent it. Grandmother further testified that she attempted to visit Child at Father's home. Additionally, Grandmother testified that she incurred $152,000 in damage to her home from Hurricane Ian and would attempt to pay more toward the attorney's fees once she received relief from her homeowner's insurance.

Father testified that Child was very fearful and upset when Grandmother attempted to visit her at his home and requested a no contact order to prohibit Grandmother from contacting him, his family, and Child. Father's attorney requested an additional $750 in attorney's fees for the contempt hearing.

The family court found that Grandmother failed to make any real effort to pay the original $4,000 attorney's fees award and found that Grandmother was in contempt of the September 21, 2023, order. The court also granted Father's attorney a judgment for $4,750 (the original $4,000 plus $750 for the contempt hearing) and granted Father's request for a no contact order. The final order was entered on July 29, 2024. It is from that order that Grandmother appeals.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review

2

the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Grandmother raised several related assignments of error, which we will consolidate. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error).

In Grandmother's first, second, third, and fifth assignments of error, she asserts that it was erroneous for the family court to issue a no contact order during a contempt hearing when Father failed to request such relief in his petition for contempt and there was no evidence presented which would warrant a no contact order between Grandmother and Child. We disagree. West Virginia Code § 51-2A-2a addresses a family court's jurisdiction to restrict contact between parties and states as follows:

> (a) A family court in its discretion *may, at any time during the pendency of any action* prosecuted under chapter forty-eight of this code, *restrict contact between the parties thereto* without a finding of domestic violence under article twenty-seven of said chapter. This order shall not be considered a protective order for purposes of section five hundred seven, article twenty-seven, chapter forty-eight of this code. A court may enter a standing order regarding the conduct expected of the parties during the proceeding. Any standing order may restrict the parties from:
> (1) Entering the home, school, business or place of employment of the other for the purpose of bothering or annoying the other;
> (2) Contacting the other, in person, in writing, electronically or by telephone, for purposes not clearly necessary for the prosecution of the underlying action or any obligation related thereto or resulting therefrom.

Here, Grandmother herself testified that she attempted to visit Child without permission at Father's home, and Father testified that Child became very fearful and upset during that time. Therefore, we cannot find that Grandmother has shown that the family court's no contact order was clear error or an abuse of discretion and affirm the family court's order on these assignments of error.

In her fourth assignment of error, Grandmother contends that she filed a motion for reconsideration along with her answer wherein she requested that her petition for visitation

and the order awarding attorney's fees be reconsidered but the family court failed to address either. However, Grandmother failed to include her answer or motions in her appendix. We have previously noted that "West Virginia Rule of Appellate Procedure 5(b) requires that 'the party appealing shall file the notice of appeal and the attachments required in the notice of appeal form contained in Appendix A of these Rules." *Campbell v. CSX Transportation, Inc.*, No. 17-1034, 2019 WL 4257173, at *3 n.8 (W. Va. Sept. 9, 2019) (memorandum decision). Because no documents were filed in support of her argument, we decline to address Grandmother's fourth assignment of error.

As her sixth assignment of error, Grandmother argues that the family court's order was erroneous because additional attorney's fees plus interest were added for the contempt hearing. We disagree. West Virginia Code § 48-1-305(c) (2001) states:

> When it appears to the court that a party has incurred attorney fees and costs unnecessarily because the opposing party has asserted unfounded claims or defenses for vexatious, wanton or oppressive purposes, thereby delaying or diverting attention from valid claims or defenses asserted in good faith, the court may order the offending party, or his or her attorney, or both, to pay reasonable attorney fees and costs to the other party.

Further, West Virginia Code § 48-10-1101 (2006) states, "[i]n an action brought under the provisions of this article, a circuit court or family court may order payment of reasonable attorney's fees and costs based upon the equities of the positions asserted by the parties to pay such fees and costs." Grandmother testified that she paid for Mother's supervised visitation expenses, had a new car payment, went on a vacation, and had received an inheritance. Therefore, we cannot find that Grandmother has shown that the family court's award of attorney's fees to Father was erroneous or an abuse of discretion and we affirm the family court's order on this assignment of error.

Lastly, Grandmother asserts that the family court received emails about the case from a third party and that the judge should have recused herself. However, this Court does not have jurisdiction to address recusals[4] and there is no evidence that the family court was prejudicial or biased in the proceedings below. *See Xerxes R. v. Richard P.*, No. 24-ICA-76, 2024 WL 5003524 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision) (holding that a party must substantiate a claim that a judge was biased or prejudicial in violation of due process rights). Thus, we find no error.

Accordingly, we affirm the family court's July 29, 2024, order.

---

[4] The process to seek to disqualify a judge is set forth in Rule 17 of the West Virginia Trial Court Rules, pursuant to Rule 58(a) of the West Virginia Rules of Practice and Procedure for Family Court.

Affirmed.

**ISSUED:**  February 28, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White